UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER KERESTESY,<br><br>         Petitioner,<br><br>    v.<br><br>THE ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>         Respondent. | No.  2:15-cv-0545 MCE AC P<br><br><br>ORDER |

   Petitioner proceeds pro se and in forma pauperis with a habeas corpus petition pursuant to 28 U.S.C. § 2254.  Although presently incarcerated in Oregon State Penitentiary on convictions imposed in that state, petitioner is challenging a California plea bargain and sentence that he is scheduled to serve after his release from Oregon.  The court ordered service of petitioner's habeas petition on April 1, 2015, and respondent filed an answer on May 21, 2015.  Petitioner's traverse was due thirty days thereafter.

   Presently pending are two matters:  (1) petitioner's renewed request for appointment of counsel; and (2) petitioner's request for an extension of time within which to file his traverse.

   The Sixth Amendment right to counsel does not extend to federal habeas corpus actions filed by state prisoners under Section 2254.  McCleskey v. Zant, 499 U.S. 467, 495 (1991); Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  Nevertheless, a district court may appoint

1

counsel for an indigent habeas petitioner upon a finding that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); see also Rule 8(c), Fed. R. Governing § 2254 Cases. Such a finding is generally premised on a determination that "appointed counsel is necessary to prevent due process violations." Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). Thus, for example, petitioners must be represented by appointed counsel if the court conducts an evidentiary hearing. Knaubert v. Goldsmith, 791 F.2d 722, 729-30 (9th Cir. 1986).

In the instant case, the court finds that neither due process nor broader interests of justice require appointment of counsel at this time. Petitioner states that he is indigent, untrained in the law, and without access to California legal materials because he is incarcerated in an Oregon prison. Indigence and lack of legal training are common to prisoner litigants, and do not require appointment of counsel. The court appreciates that petitioner's lack of access to California legal materials makes it difficult for him to respond to the legal arguments set forth in the answer. Petitioner is assured that the court will carefully determine and apply the applicable law.

Petitioner also contends that he requires appointed counsel in order to conduct investigation, obtain an affidavit from trial counsel, and prepare for evidentiary hearing. Unless and until the court determines that an evidentiary hearing is warranted, appointment is not appropriate for these purposes. This court cannot consider any evidence that was not previously presented to the state habeas court, including supporting declarations, unless petitioner's claims first clear the hurdles imposed by 28 U.S.C. § 2254(d). See Cullen v. Pinholster, 131 S. Ct. 1388, 1399 (2011). If any of petitioner's claims survive review under § 2254(d), the court will reconsider the appointment of counsel at that time.

Petitioner's motion for an extension of time within which to file his traverse will be granted in part.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for appointment of counsel, ECF No. 15, is denied; and

////

////

////

2

2. Petitioner's motion for an extension of time to file his traverse, ECF No. 14, is granted; the traverse shall be filed on or before August 14, 2015.

DATED: June 29, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE