1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   XAVIER KERESTESY,                          No.  2:15-cv-0545 MCE AC P

12                 Petitioner,

13        v.                                    ORDER

14   THE ATTORNEY GENERAL OF THE
     STATE OF CALIFORNIA,
15
                   Respondent.
16

17

18         Briefing in this habeas corpus action is still proceeding.  However, it has come to the

19   attention of the undersigned that the state court record lodged by respondent does not include a

20   copy of the California Supreme Court's November 25, 2014 order denying petitioner habeas

21   relief.  Instead, respondent has submitted a docket report from the California Supreme Court,

22   indicating that the petition was denied on that date.  See ECF No. 12 at 131.  Respondent requests

23   that the court take judicial notice of the docket report as evidence that the California Supreme

24   Court summarily denied relief in this case on the given date.  See id. at 2 n.1.  Respondent states

25   that it is the normal practice of the California Supreme Court to not routinely serve habeas denial

26   orders on the California Attorney General in cases in which respondent has not appeared, and "to

27   not send copies of the such (sic) orders to the Attorney General later, despite any request."  Id.

28   ////

                                                    1

1      The undersigned appreciates that the Attorney General's Office is not served with orders
2 in cases in which it has not appeared, such as state habeas corpus proceedings in which no
3 informal briefing has been ordered.  However, counsel for respondent is not without means to
4 obtain access to the underlying orders, which are contained in court files that are open to public
5 inspection.  If the *fact* of the denial was what mattered in this court, judicial notice based on the
6 docket entry would be perfectly appropriate.  However, this court's review under 28 U.S.C. §
7 2254(d) must proceed on the basis of the *contents* of the denial order itself, not on the fact of its
8 existence.  In this context, judicial notice of the docket entry cannot substitute for submission and
9 review of the actual order at issue.

10      The undersigned is aware from experience that California Supreme Court docket sheets
11 generally do reflect the content of orders denying habeas relief, including any citations to a
12 procedural bar.  But a docket entry is not an order, and it does not conclusively establish the
13 contents of the orders it references.  A docket report summarizes the procedural history of a case.
14 It documents the fact that relief was denied, but does not establish to the court's satisfaction the
15 contents of the order denying relief.  The presence or absence of any stated reason for denial, no
16 matter how briefly identified, or any citation to authority, has potential consequences for review
17 under § 2254.  See Cullen v. Pinholster, 131 S. Ct. 1388, 1399 (2011) (focus of 2254(d) review is
18 "what a state court. . . did"); Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991) (where state court's
19 denial is unexplained, federal court must "look through" it to last reasoned decision); Frantz v.
20 Hazey, 533 F.3d 724, 738 (9th Cir. 2008) (en banc) (where state court's denial is explained,
21 federal court's analysis is limited to its actual reasoning and analysis); Cone v. Bell, 556 U.S.
22 449, 472 (2009) (where state court denial rests on procedural ground, federal court conducts de
23 novo review of merits).  In light of this court's duty to review what the state court actually did,
24 the lodged state court record must include all state court orders denying relief.  A docket report or
25 similar substitute is not sufficient.
26 ////
27 ////
28 ////

2

Accordingly, counsel for respondent is HEREBY ORDERED to file (or lodge in paper), within 30 days after the filing date of this order, a copy of the California Supreme Court's order dated November 25, 2014, denying petitioner's habeas petition.

DATED: June 29, 2015

_Allison Clare_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3