UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER KERESTESY, | No. 2:15-cv-0545 MCE AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| STATE OF CALIFORNIA, | |
| Respondent.[1] | |

I.   Introduction

Petitioner is a California prisoner, presently incarcerated at Deuel Vocational Institution (DVI) in Tracy.  Petitioner proceeds pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1.  On July 11, 2016, petitioner moved for release on his own recognizance pending resolution of his habeas petition.  ECF No. 28.  Respondent State of California opposes petitioner's release, ECF No. 30, and petitioner has replied, ECF No. 32.  For the following reasons, this court recommends that petitioner's motion be denied.

////

---

[1] Following a final decision on the instant motion, Kimberly A. Seibel, Acting Warden of Deuel Vocational Institution, will be substituted as respondent herein.  A federal petition for writ of habeas corpus must name as respondent the state officer having custody of petitioner.  See 28 U.S.C. § 2254; Rule 2(a), Rules Governing Section 2254 Cases in the U.S. District Courts; Smith v. Idaho, 392 F.3d 350, 354-55 (9th Cir. 2004); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

II.  <u>Background</u>

Prior to petitioner's October 2016 transfer to DVI and the custody of the California Department of Corrections and Rehabilitation (CDCR), petitioner was in the custody of the Oregon Department of Corrections (ODOC) and incarcerated in the Oregon State Penitentiary in Salem.  Petitioner was incarcerated in Oregon pursuant to his October 27, 2011 convictions on 16 felony counts of "encouraging child sexual abuse" and sentence to 45 months in prison and three years supervised release.  <u>See</u> ECF No. 12 at 33 (CT), 128 (Cal. Ct. of App. Dec. 10, 2013 Opinion).

On November 5, 2012, while serving the Oregon sentence, plaintiff was temporarily transferred to California where he pled guilty to two felony counts of lewd or lascivious acts upon a child.  <u>See</u> ECF No. 12 at 29-32 (CT); id. at 56-62 (RT).  On December 10, 2012, the Tehama County Superior Court sentenced petitioner to a five-year term in state prison and mandatory parole term of five years.  ECF No. 12 at 37-40, 46-8 (CT); <u>id.</u> at 63-67 (RT); see also ECF No. 12 at 87-8.

Petitioner filed his petition for writ of habeas corpus in this court on March 9, 2015, while incarcerated in Oregon.  On July 11, 2016, three months before his transfer to California, petitioner filed the pending motion for release on his own recognizance, subject to a bail hearing and surety bond if necessary, pending resolution of his habeas petition.  In support of his motion, petitioner contends that "[t]here is substantial question as to the constitutionality of [his] sentence;" "denial of bail could leave him without any remedy to avoid serving an illegal sentence;" petitioner's wife and children, who live in Salem, "are in a financial crisis and desperately in need of his financial support;" petitioner does not present a flight risk because he "has strong ties in the community and as a husband and father;" petitioner does not present a danger to the community because the events underlying his California convictions and sentence "took place back around 2002-2003 and 8 or 9 years before any charges were brought against petitioner," during which time he "maintained a residence and employment . . . [and] was a responsible, contributing member of this community[.]"  ECF No. 28 at 1-2.

Respondent opposes petitioner's motion on the grounds that jurisdiction is absent and,

1 alternatively, that his underlying petition lacks merit and petitioner's current circumstances are
2 not extraordinary. ECF No. 30.  Petitioner challenges these grounds.  ECF No. 32.

3       III.     The Parties' Arguments

4      Respondent initially contends that this court is without jurisdiction to consider petitioner's
5 motion for pre-decision release.  Respondent notes that the Ninth Circuit Court of Appeals
6 expressly side-stepped this question in In re Roe, 257 F.3d 1077, 1080 (9th Cir. 2001) ("[w]e
7 need not, and specifically do not, resolve this issue today").  Respondent contends that "the font
8 of this court's power is 28 U.S.C. § 2241, whose jurisdiction depends, first, on the existence of
9 illegal custody," the only potentially applicable portion providing that the petitioner "is in custody
10 in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. §2241(c),
11 which respondent asserts petitioner is clearly not.  ECF No. 30 at 1-2.  Alternatively, respondent
12 relies on the presumed standard in Roe to contend that it is not met in the instant case, because
13 petitioner's claims lack merit and his alleged special circumstances are not unique.

14      Petitioner contends that this court has authority to release him under 28 U.S.C. § 2254
15 pending a decision on the merits of his petition because, as the Northern District found, "all of the
16 other circuit courts that have decided the issue have concluded that the district court indeed
17 possesses such authority."  Hall v. S.F. Superior Court, 2010 WL 890044, at *2, 2010 U.S. Dist.
18 LEXIS 33030 (N.D. Cal. Mar. 8, 2010).  See ECF No. 32 at 2.  Applying the factors identified in
19 these cases and presumed in Roe, petitioner contends that he has a high probably of prevailing on
20 the merits of his petition, which may lead to resentencing, including credit for time served; and
21 that his circumstances are extraordinary due to the financial and emotional needs of his family.

22       IV.     Analysis

23      Petitioner's reliance on the decisions of other circuit courts is misplaced.  This court is
24 bound by the authority of the Ninth Circuit.  See e.g. United States v. Carreira, 2016 U.S. Dist.
25 LEXIS 31210, at *4 (D. Haw. Mar. 10, 2016) ("Notwithstanding Hall and its reliance on the out-
26 of-Circuit cases cited therein, this Court declines to address the merits of Petitioner's bail requests
27 in the absence of definitive guidance from the Ninth Circuit regarding the scope of this Court's
28 bail authority, inherent or otherwise.").  In Roe, the Ninth Circuit "[a]ssum[ed], arguendo, that a

district court has the authority to release a state prisoner on bail pending resolution of habeas proceedings in extraordinary cases . . . involving special circumstances or a high probability of success." 257 F.3d at 1080 (citation and internal quotation marks omitted). Applying this standard, the Court of Appeals granted the petition for writ of mandate filed by the warden to *vacate* the district court's release of petitioner on bail pending a decision on his Section 2254 petition. Even in Hall, the district court denied the motion for release, finding a low probability of success on the merits of petitioner's claims despite several exceptional circumstances. Hall, 2010 WL 890044, at *13, 2010 U.S. Dist. LEXIS 33030.

Following the Ninth Circuit's lead in Roe, this court will assume without deciding that it has authority to grant petitioner's request under Section 2254, upon a showing that this is an "extraordinary case" involving "special circumstances or a high probability of success." Roe at 1080. See Montue v. Stainer, 2014 WL 6892692, at *1, 2014 U.S. Dist. LEXIS 168274 (E.D. Cal. Dec. 4, 2014) (Case No. 1:14-CV-01231 AWI SMS HC) ("The federal court's authority to release a state prisoner on recognizance or surety in the course of a habeas proceeding derives from the power of the writ itself.") (collecting cases.) Respondent's argument under Section 2241 is inapposite.

Petitioner relies on two of the claims in his petition to argue that his case has a high probability of success. The first claim is that the trial court failed to inform petitioner that he would be sentenced to a five-year mandatory parole term, thus rendering his guilty plea, which included agreement to a three-year parole term, involuntary. Within the Ninth Circuit, a "mandatory parole term" is considered a "direct consequence" of a guilty plea of which the defendant must be informed to render his plea voluntary and intelligent under federal due process standards. Carter v. McCarthy, 806 F2d 1373 (9th Cir. 1986), cert. denied, 484 U.S. 870 (1987). However, as recognized by several federal district courts, "the Supreme Court has not squarely addressed whether a defendant must be advised of a parole term as a consequence of a guilty plea." Harris v. Montgomery, 2016 WL 6069008, at *7 (C.D. Cal. Aug. 3, 2016), report and recommendation adopted, 2016 WL 6068096 (C.D. Cal. Oct. 14, 2016) (Case No. 11-cv-7519 JVS (JPR)). In the absence of clearly established Supreme Court authority supporting petitioner's

4

claim, he cannot establish the likelihood of success on this claim.[2]

The second claim relied on by petitioner is the refusal of the Tehama County Superior Court to permit his California sentence to run concurrently with his Oregon sentence. Claims of state sentencing error are not cognizable in a federal habeas action. "The decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus." Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (citing Ramirez v. Arizona, 437 F.2d 119, 120 (9th Cir. 1971); see also Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002) ("because the trial court actually had *absolute discretion* to impose either consecutive or concurrent sentences[,] ... neither an alleged abuse of discretion by the trial court in choosing consecutive sentences, nor the trial court's alleged failure to list reasons for imposing consecutive sentences, can form the basis for federal habeas relief." (Original emphasis; citations omitted). "'[F]ederal habeas corpus relief does not lie for errors of state law.'" Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). For these reasons, petitioner has not established the likelihood of success on this claim.

Petitioner also contends that he may be entitled to credit for time served for the 272 days he was in California's custody pending the judgment on his conviction and sentence. This time was credited to petitioner's Oregon sentence, and there is no authority for permitting petitioner to obtain double credit. As with the previous claim, this is a matter of state law and therefore does not provide a basis for federal habeas relief.

For these several reasons, the court finds that petitioner has not demonstrated a high probability of success on his habeas petition.

The court further finds that petitioner has not demonstrated other special circumstances rendering this an exceptional case supporting pre-decision release. The circumstances faced by

---

[2] The parties spar over the significance of Saeteurn v. Adams, 638 Fed. Appx. 468, 468-69 (9th Cir. 2016), cited by respondent. See ECF No. 30 at 3 n.2. Although plaintiff accurately distinguishes the facts of that case, Saeteurn is cited and has been considered only for its recognition that there is no clearly established Supreme Court precedent establishing that the length of a parole term is a direct consequence of a guilty plea subject to due process protections.

1  petitioner's family, while compelling, are not unique among the families of prisoners.  There is no
2  fair way to distinguish among such families based on considerations of finances and emotional
3  distress.  Additionally, although petitioner may not present a high flight risk, the nature of his
4  crimes render him a danger to the community.  Nor do petitioner's arguments support a finding of
5  exceptional circumstances under more traditional measures.[3]  The court finds no unreasonable
6  delay in the processing of petitioner's habeas petition.  Petitioner has served only three months of
7  his five-year California sentence and his petition for writ of habeas corpus will soon be decided
8  by this court.

9        V.      <u>Conclusion</u>

10        Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion for release on
11  his own recognizance pending a decision on the merits of his habeas petition, ECF No. 28, be
12  denied.

13        These findings and recommendations are submitted to the United States District Judge
14  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **ten days** after
15  being served with these findings and recommendations, any party may file written objections with
16  the court and serve a copy on all parties.  Such a document should be captioned "Objections to
17  Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be
18  filed and served within **seven days** after service of the objections.  **Due to exigencies in the**
19  **court's calendar, no extensions of time will be granted.**[4]  The parties are advised that failure to
20  ////
21  ////
22  ////
23

24  [3] "In its discretion, a court may find exceptional circumstances when (1) a petitioner demonstrates a health exigency that cannot be appropriately addressed in prison; (2) processing of
25  the petition has been delayed for an unconscionable time period; or (3) an extraordinary claim could not be resolved before the court could complete collateral review."  <u>Montue v. Stainer</u>,
26  <u>supra</u>, 2014 WL 6892692, at *3, 2014 U.S. Dist. LEXIS 168274 (citations omitted).
27  [4] Petitioner is informed that in order to obtain the district judge's independent review and preserve issues for appeal, he need only identify the findings and recommendations to which he
28  objects.  There is no need to reproduce his arguments on the issues.

6

file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 24, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE