1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   XAVIER KERESTESY,                          No.  2:15-cv-0545 MCE AC P

12                   Petitioner,

13        v.                                     ORDER and

14   KIMBERLY A. SEIBEL, Warden,                 FINDINGS AND RECOMMENDATIONS
     Deuel Vocational Institution,[1]
15
                     Respondent.
16

17                              INTRODUCTION

18        Petitioner is a California prisoner proceeding pro se and in forma pauperis with a petition

19   for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Petitioner is incarcerated at Deuel

20   Vocational Institution (DVI) in Tracy.  He was transferred to DVI and the custody of the

21   California Department of Corrections and Rehabilitation (CDCR) in October 2016.  Petitioner

22   was previously in the custody of the Oregon Department of Corrections (ODOC), incarcerated at

23   the Oregon State Penitentiary (OSP) in Salem.

24        Petitioner challenges his California guilty plea, conviction and sentence on the following

25   grounds:  (1) the trial judge failed to inform petitioner, prior to entry of his guilty plea, that he

26   _____
     [1]   Kimberly A. Seibel, Warden of Deuel Vocational Institution, is substituted as respondent
27   herein.  A federal petition for writ of habeas corpus must name as respondent the state officer
     having custody of petitioner.  See 28 U.S.C. § 2254; Rule 2(a), Rules Governing Section 2254
     Cases in the U.S. District Courts; Smith v. Idaho, 392 F.3d 350, 354-55 (9th Cir. 2004); Stanley
28   v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

was subject to a five, rather than three, year mandatory parole term, resulting in a denial of due process (Claim One); (2) trial counsel provided ineffective assistance of counsel in violation of the Sixth Amendment in the following six ways: (a) failing to inform petitioner of the direct consequences of his guilty plea, specifically, that he would be subject to a five, rather than three, year parole term (Claim Two); (b) failing to make appropriate objections at sentencing to preserve important legal issues on a complete factual record concerning petitioner's challenges to his terms of prison and parole (Claim Three); (c) failing to inform the trial judge of information that would have resulted in "more favorable" sentencing, particularly concurrent sentencing (Claim Four); (d) failing to ensure that petitioner's plea agreement was "complete and accurate as per promises made by counsel during negotiations" (Claim Five); (e) failing to file a motion notifying the trial court that petitioner wished to withdraw his guilty plea due to counsel's misrepresentations that the resulting sentence would incorporate concurrent terms and credit for time served (Claim Six); and (f) failing to "preserve issues by not filing a complete and accurate Notice[] of Appeal" (Claim Seven); (3) the trial judge improperly denied petitioner's requests to be sentenced concurrently pursuant to his California and Oregon sentences, and to receive credit for time served while in the temporary custody of California, resulting in a denial of due process (Claim Eight); and (4) the California Supreme Court improperly denied petitioner's request for appointment of counsel to pursue his state habeas petition, resulting in a denial of petitioner's right to post-conviction counsel (Claim Nine).  See ECF No. 1 (Petition).

Respondent filed an answer to the petition, ECF No. 13, and petitioner filed a traverse, ECF No. 23.  While these matters were pending, petitioner filed a motion for release on his own recognizance, ECF No. 28, which was denied on March 28, 2017, see ECF Nos. 37, 36. Petitioner subsequently filed a motion to "stay and abey" this action.  See ECF No. 39.

The merits of the petition are referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).  For the reasons set forth herein, the undersigned recommends that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied.  In addition, the undersigned construes petitioner's pending motion as a request for issuance of a subpoena and denies the request.

BACKGROUND

I.     Proceedings in the Trial Court

On March 8, 2011, petitioner was charged in California with two felony counts of lewd or lascivious acts upon a child, under California Penal Code § 288(a) (lewd or lascivious acts upon a minor) and § 801.1(a) (authorizing prosecution prior to the victim's 40th birthday if he or she was under 18 at the time of the alleged offense), for conduct that occurred between October 2001 and June 2002.  See ECF No. 12 at 8-10[2] (Tehama County Superior Court Complaint, Case No. NCR81252).

Shortly thereafter, on October 27, 2011, petitioner was convicted in Oregon of 16 felony counts of "encouraging child sexual abuse" and sentenced to 45 months in prison and three years supervised release.  See ECF No. 12 at 33 (CT), 128 (Cal. Ct. of App. Dec. 10, 2013 Opinion).

On April 18, 2012, petitioner was received in the Tehama County Superior Court for arraignment on his California charges, and signed a written advisement of his rights.  See ECF No. 12 at 11-3 (CT).  The next day, on April 19, 2012, an amended complaint was filed, with the same charges.  Id. at 14-5 (CT).  On May 14, 2012, petitioner waived a preliminary hearing.  Id. at 18 (CT), 53-4 (RT).  On May 23, 2012, formal charges were filed against petitioner.  Id. at 19-20 (CT).  On June 4, 2012, petitioner was arraigned in the Tehama County Superior Court and pled not guilty.  Id. at 21 (CT).  Petitioner was represented at each of these proceedings by his California defense counsel, Mr. Kenneth Miller.[3]

On November 5, 2012, petitioner pled guilty to the charged offenses, and signed and initialed a written plea agreement, with his counsel's certification, which was filed.  See ECF No. 12 at 29-32 (CT); id. at 56-62 (RT).  The written agreement noted petitioner's acknowledgment that he "committed the offenses pled to," and that the court would sentence petitioner to the "low term Count 1, 3 years, 1/3 mid-term Count 2" for a "total incarceration" of "5 years."  Id. at 30 (CT).  The written agreement advised petitioner that he was required to register as a sex offender

---

[2]  Citations to the record reflect the court's electronic pagination, not the internal pagination of the documents.
[3]  Respondent mistakenly refers to petitioner's defense counsel as Mr. Kendall.  See ECF No. 13 at 20, 22.

3

upon his release from confinement and that he would be subject to a period of parole for 3 years, subject to extension if petitioner violated parole.  Id. at 29, ¶ 7(b), (d) (CT).

In open court on November 5, 2012, Mr. Miller initially characterized the plea agreement as stipulating to "no more than a maximum of" five years but, in response to the court's inquiry, clarified that it was "a five-year" term, which petitioner expressly acknowledged.  Id. at 31 (CT), 57-8 (RT).  Mr. Miller noted that this was "the best offer made" by the prosecution.  Id. at 59-60 (RT).  The court informed petitioner that when released after serving his sentence, he would be paroled for 3 years, which could be extended if petitioner violated a condition of parole.  Id. at 59 (RT); see also id. at 29, ¶ 7(b) (CT).  The court asked petitioner: "Other than what's on the plea form that we talked about in court has anyone offered or promised you anything or done anything to force you to enter this plea?"  Petitioner responded, "No, sir."  Id.  The court accepted petitioner's guilty plea.  Id. at 60-61 (RT).

The court set a sentencing hearing and referred the matter to the probation department, stating that "an abbreviated report is only required because of the stipulated sentence."  ECF No. 12 at 61 (RT).  The December 4, 2012 probation report recommended a five-year prison term, with no confinement credits based on petitioner's Oregon prison term, and recommended applicable fines and fees.  Id. at 33-6 (CT).

At the hearing on December 10, 2012, the Tehama County Superior Court sentenced petitioner to a five-year term in state prison, and imposed the recommended fines and fees.  ECF No. 12 at 37-9 (CT); id. at 63-67 (RT).  The court denied Mr. Miller's request to "run[] the Oregon time concurrent with his California time."  Id. at 64 (RT).  The court explained that given "[t]he limited information that I do have [about the Oregon case], this Court would not give concurrent time for the offense or offenses that occurred out of state."  Id. at 65.  The court also denied Mr. Miller's request that petitioner receive credit for the 272 days he was in temporary custody in California pending the California matters, on the ground that petitioner remained in the legal custody of Oregon during that period, serving his Oregon sentence.  Id. at 66 (RT).  The original Abstract of Judgment issued on December 14, 2012.  Id. at 39-40 (CT).  On March 29, 2013, the court issued a modified Abstract of Judgment to reflect the correct amount of

4

petitioner's fines and assessments. Id. at 46-8 (CT). Neither of the abstracts, nor the underlying minutes, reference a parole term.

## II. Post-Conviction Proceedings

On December 14, 2012, petitioner filed a notice of appeal directed to the California Court of Appeal, Third Appellate District.[4] ECF No. 12 at 41. On May 6, 2013, petitioner's appointed appellate counsel, Ms. Deborah Prucha, filed a brief pursuant to People v. Wende, 25 Cal. 3d 436 (1979), requesting that the appellate court undertake an independent examination of the record. See ECF No. 12 at 71-82. Petitioner filed a "Supplemental Pro Se Brief," dated May 21, 2013. Id. at 83-114. Petitioner asserted therein, inter alia, that on February 27, 2013 he was informed for the first time, by CDCR, that his conviction required a mandatory parole term of 5 years, rendering his guilty plea neither knowing nor voluntary. Id. at 87-8.

By written decision filed December 10, 2013, the Court of Appeal denied petitioner's claims and affirmed the trial court's judgment of conviction and sentence. See People v. Kerestesy, Case No. C072756, see ECF No. 12 at 123-30 (CT), 2013 WL 6479993, 2013 Cal. App. Unpub. LEXIS 8903.

On January 22, 2014, petitioner filed a pro se petition for review in the California Supreme Court. See People v. Kerestesy, Case No. S216006. See ECF No. 12 at 116 et seq. (brief in support of petition for review). On February 26, 2014, the California Supreme Court summarily denied review (Case No. S216006). See ECF No. 12 at 115.

On September 16, 2014, petitioner filed a pro se petition for writ of habeas corpus in the California Supreme Court. Kerestesy on Habeas Corpus, Case No. S221236. See ECF No. 12 at 132 et seq. (brief in support of petition for collateral review). On November 25, 2014, the California Supreme Court summarily denied the petition (Case No. S221236). See ECF No. 19 at 2.

---

[4] This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

Petitioner filed the instant petition for writ of habeas corpus on March 2, 2015.[5] ECF No. 1. Respondent answered the petition on May 21, 2015. ECF No. 13. The court authorized extended time for petitioner's traverse, which he filed on October 15, 2015. ECF No. 23. Thereafter, petitioner requested an evidentiary hearing. ECF No. 25. On July 7, 2016, petitioner filed a motion for release on his own recognizance pursuant to his California sentence, upon his release from prison in Oregon. ECF No. 28. In October 2016, petitioner was transferred from the custody of ODOC to that of CDCR. On March 28, 2017, this court denied petitioner's motion for release on his own recognizance. See ECF Nos. 37, 36.

## STANDARDS GOVERNING HABEAS RELIEF UNDER THE AEDPA

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The statute applies whenever the state court has denied a federal claim on its merits, whether or not the state court explained its reasons. Harrington v. Richter, 562 U.S. 86, 99-100 (2011). State court rejection of a federal claim will be presumed to have been on the merits absent any indication or state-law procedural principles to the contrary. Id. at 99 (citing Harris v. Reed, 489 U.S. 255, 265 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis). "The

---

[5] Petitioner's filing dates in the instant case are based on the prison mailbox rule, pursuant to which a document is deemed served or filed on the date a prisoner signs the document (or signs the proof of service, if later) and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by prisoners).

6

presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100.

The phrase "clearly established Federal law" in § 2254(d)(1) refers to the "governing legal principle or principles" previously articulated by the Supreme Court. Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003). Only Supreme Court precedent may constitute "clearly established Federal law," but courts may look to circuit law "to ascertain whether…the particular point in issue is clearly established by Supreme Court precedent." Marshall v. Rodgers, 133 S. Ct. 1446, 1450 (2013).

A state court decision is "contrary to" clearly established federal law if the decision "contradicts the governing law set forth in [the Supreme Court's] cases." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision "unreasonably applies" federal law "if the state court identifies the correct rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407-08. It is not enough that the state court was incorrect in the view of the federal habeas court; the state court decision must be objectively unreasonable. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003).

Review under § 2254(d) is limited to the record that was before the state court. Cullen v. Pinholster, 563 U.S. 170, 181 (2011). The question at this stage is whether the state court reasonably applied clearly established federal law to the facts before it. Id. In other words, the focus of the § 2254(d) inquiry is "on what a state court knew and did." Id. at 182. Where the state court's adjudication is set forth in a reasoned opinion, §2254(d)(1) review is confined to "the state court's actual reasoning" and "actual analysis." Frantz v. Hazey, 533 F.3d 724, 738 (9th Cir. 2008) (en banc). A different rule applies where the state court rejects claims summarily, without a reasoned opinion. In Richter, supra, the Supreme Court held that when a state court denies a claim on the merits but without a reasoned opinion, the federal habeas court must determine what arguments or theories may have supported the state court's decision, and subject those arguments or theories to § 2254(d) scrutiny. Richter, 562 U.S. at 102.

////

////

<u>DISCUSSION</u>

The court first addresses petitioner's Claims One, Eight and Nine, and then addresses petitioner's various claims that his trial counsel provided ineffective assistance (Claims Two through Seven).

I.    <u>Trial Court's Failure to Accurately Inform Petitioner of the Length of His Mandatory Parole Term Prior to the Entry of His Plea (Claim One)</u>

A.    <u>Petitioner's Allegations and Pertinent State Court Record</u>

Petitioner contends that he was denied due process under the Fifth and Fourteenth Amendments when the trial judge failed to inform petitioner, prior to the entry of his plea, that he would be subject to a mandatory five-year parole term. Instead, the trial court informed petitioner that he would be subject to a three-year parole term. When petitioner entered his plea, he agreed both in open court and in writing to a three-year parole term, subject to re-incarceration for parole violations. ECF No. 12 at 59 (RT); <u>id.</u> at 29, ¶ 7(b) (CT). The relevant written advisement initialed and agreed to by petitioner provided in full, <u>id.</u> at 29, ¶ 7(b) (CT):[6]

> If I am sentenced to state prison, that I will be released on parole and that the term of the parole will be 3 years. That for each violation of parole I can be required to serve one additional year in state prison and that the maximum period of re-incarceration is 4 years.

Petitioner alleges that after he was sentenced in California, but while still serving his Oregon sentence, he was informed for the first time of the "5-year minimum parole term as per [PC §] 3000(b), mandated by PC § 1170(c) . . . [when] he received a copy of the Legal Status Summary Sheet from the California Department of Corrections and Rehabilitation, dated February 27, 2013." ECF No. 1 at 5; <u>see also id.</u> at 38-9 (Legal Status Summary). "Petitioner contends that he was unaware of the [5-year] mandatory parole term and that he would not have

---

[6] Petitioner did not initial and agree to the following applicable written advisement, <u>id.</u> at 29, ¶ 7(c) (CT):

> If I am sentenced to state prison, that I will be released on parole and that the term of the parole will be 5 years. That for each violation of parole I can be required to serve 1 additional year in state prison and that the maximum period of re-incarceration is 7 years.

8

1  pleaded guilty had he been made aware.  Petitioner contends that his plea was not voluntary and

2  intelligent and that his constitutional rights were violated."  Id. at 5.

3  In December 2012, when petitioner was sentenced, the California Determinate Sentencing

4  Law required that defendants be informed "as part of the sentence after expiration of the [prison]

5  term he [] may be on parole for a period as provided in Section 3000."  Cal. Pen. Code §§

6  1170(c), 3000(a)(1) (2012).  Until September 2010, Section 3000 imposed a mandatory parole

7  term "not exceeding five years" for offenses specified, in relevant part, in paragraph (6) of

8  Section 667.5(c), viz., "Lewd or lascivious act as defined in subdivision (a) or (b) of Section

9  288."  Cal. Penal Code § 3000(b)(1) (Jan.-Sept. 2010).[7]  Petitioner was convicted under Section

10  288(a)).  Although it is not clear which version of Section 3000(b) governed petitioner's term of

11  parole, see n. 8, supra, a mandatory parole term of five years was statutorily required when

12  petitioner was sentenced.

### B.  The Clearly Established Federal Law

14  "Several federal constitutional rights are involved in a waiver that takes place when a plea

15  of guilty is entered in a state criminal trial.  First, is the privilege against compulsory self-

16  incrimination[.] . . . Second, is the right to trial by jury.  Third, is the right to confront one's

17  accusers."  Boykin v. Alabama, 395 U.S. 238, 243 (1969) (citations omitted).  As a result, due

18  process requires that a guilty plea be made voluntarily and knowingly, "entered by one fully

19  aware of the direct consequences" of the plea, that is, a "knowing, intelligent act[] done with

20  sufficient awareness of the relevant circumstances and likely consequences."  Brady v. United

21  States, 397 U.S. 742, 755 (1970) (citation and internal quotation marks omitted).  A habeas

22  petitioner bears the burden of establishing that his guilty plea was not voluntary and knowing.

23  Parke v. Raley, 506 U.S. 20, 31-34 (1992).

24  Although the Ninth Circuit has held that a "mandatory parole term" constitutes a "direct

25  consequence" of a guilty plea of which the defendant must be informed to render his plea

---

[7]  Commencing September 9, 2010, Section 3000 required a parole term "not exceeding 10 years" for offenses specified in Section 667.5(c)(6).  See Cal. Penal Code § 3000(b)(2) (Sept. 2010). Since June 27, 2012, Section 3000 requires a mandatory parole term of 10 years or longer for offenses committed on or after July 1, 2013.  Cal. Penal Code § 3000(b)(2)(B).

voluntary and intelligent under federal due process standards, <u>Carter v. McCarthy</u>, 806 F.2d 1373 (9th Cir. 1986), <u>cert. denied</u>, 484 U.S. 870 (1987), the United States Supreme Court has never so held. <u>See</u> <u>United States v. Timmreck</u>, 441 U.S. 780, 783-84 (1979) (finding that "technical violation" of Rule 11 of Federal Rules of Criminal Procedure, which requires district court to advise defendant of parole term, was "neither constitutional nor jurisdictional"); <u>cf.</u> <u>Hill v. Lockhart</u>, 474 U.S. 52, 56 (1985) ("We have never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary[.]").[8]

C.    The State Court's Ruling

Petitioner first challenged the validity of his plea on direct appeal, and included the issue in his petition for review. <u>See</u> ECF No. 12 at 83-91 (Supplemental Pro Se Brief on Appeal); <u>id.</u> at 116-22 (Petition for Review). Because the California Supreme Court denied review without comment, this court looks through that decision to the reasoned opinion of the Court of Appeal. <u>See</u> <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 804-05 (1991); <u>Ortiz v. Yates</u>, 704 F.3d 1026, 1034 (9th Cir. 2012). The Court of Appeal ruled as follows:

> Defendant argues that when he entered his plea, he was erroneously advised that the mandatory parole period is three years. He explains that he received notification from DCR that his parole term is five years for his offense. Defendant is attacking the validity of his plea, which he cannot do absent a certificate of probable cause. (*[People v.] Turner* [1985] 171 Cal. App. 3d [116] at pp. 127-128, fn. 8.) In any event, assuming without considering whether the parole term changed subsequent to his plea, defendant's "plea bargain is 'deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy. . . .' [Citation.] The plea bargain 'vest[ed] no rights other than those which relate[d] to the immediate disposition of the case.' [Citation.]" (*People v. Gipson* (2004) 117 Cal.App.4th 1065, 1070, cited with approval in *Doe v. Harris* (2013) 57 Cal.4th 64.)

ECF No. 12 at 126.

---

[8] <u>See also</u> <u>Lane v. Williams</u>, 455 U.S. 624, 630 & n.9 (1982) (assuming "for the sake of argument" that failure to advise defendant of mandatory parole term would render plea void and declining to decide whether, "to establish such a constitutional violation," defendants "must claim that they in fact did not know of the parole requirement at the time they pleaded guilty or that they would not have pleaded guilty had they known of this consequence").

Petitioner resubmitted the claim in his habeas petition to the California Supreme Court. See ECF No. 12 at 134-6 (state petition for writ of habeas corpus, Ground 1). The habeas petition was denied without comment or citation. ECF No. 19.

D.     Analysis

     1.    The Claim Was Procedurally Barred on Direct Appeal, But Is Not Procedurally Defaulted in This Court

The California Court of Appeal ruled that petitioner was attacking the validity of his plea, which may not be done on appeal absent a certificate of probable cause. In California, a defendant may not appeal from a judgment of conviction upon a guilty plea, on issues that go to the validity of the plea, unless he first obtains a certificate of probable cause from the trial court. Cal. Penal Code § 1237.5; see People v. Panizzon, 13 Cal. 4th 68, 76 (1996). Petitioner's failure to obtain such a certificate prevented consideration of the matter on direct review, and would have foreclosed federal review had petitioner not independently exhausted the claim in state habeas, where the requirement does not apply.[9]

Petitioner did, however, successfully obtain merits review of the claim in the California Supreme Court. Because the habeas petition was denied without any comment or any citation to a procedural rule, ECF No. 19, it constitutes a decision on the merits subject to review under § 2254(d). Richter, 562 U.S. at 102. The California Supreme Court's silence about its reasoning in the habeas proceeding cannot be interpreted as an adoption of the lower court's reasoning on

_____

[9] The Court of Appeal's alternative comments on the merits would not preclude application of the procedural default rule. See Harris v. Reed, 489 U.S. 255, 264 (1989). This court notes, however, that the California Court of Appeals appears to have misunderstood the factual basis for petitioner's claim. The Court's references to subsequent changes in the law imply that petitioner seeks relief from a post-judgment legislative change to his parole term. That is not the case. Petitioner has always clearly alleged that he was misinformed of the fact that a mandatory 5-year parole term applied at the time of his plea and sentence. The state court's factual error, however, has no bearing on this court's disposition of the claim even if the error is considered objectively unreasonable. The factual error is both independent of the procedural ruling and superfluous in light of it. Had petitioner presented the claim only on direct appeal, the state court's clear reliance on an applicable procedural bar would be grounds for default notwithstanding the factual error, which is related to an alternative merits ruling. See Harris, supra. More importantly for present purposes, petitioner obtained merits review of the claim by the California Supreme Court in habeas, where the procedural rule does not apply.

11

appeal, because the requirement of a certificate of probable cause does not apply in habeas. The familiar "look through" presumption of Ylst, supra, does not apply when the last reasoned decision was on procedural grounds categorically inapplicable to the petition before the state high court. Kernan v. Hinojosa, 136 S. Ct. 1603, 1606 (2016). Accordingly, this court proceeds to conduct AEDPA review on the basis of the California Supreme Court's summary rejection of petitioner's habeas claim.

2.     <u>The Rejection Of The Claim on The Merits Did Not Involve An Unreasonable Application Of Supreme Court Authority</u>

As noted above, the U.S. Supreme Court has never held that a parole term – even a mandatory one – is a direct consequence of a guilty plea, of which a defendant must be informed to render his plea voluntary and consistent with due process. See Timmreck, 441 U.S. at 783-84; Hill, 474 U.S. at 56; see also Lane, 455 U.S. at 630. Accordingly, there is no "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. §2254(d)(1), governing petitioner's claim. Petitioner's reliance on Carter v. McCarthy, 806 F.2d 1373, is unavailing, as circuit precedent cannot support habeas relief under AEDPA. Williams, 529 U.S. at 381("[i]f this Court has not broken sufficient legal ground to establish an asked-for constitutional principle, the lower federal courts cannot themselves establish such a principle with clarity sufficient to satisfy the AEDPA bar."). In the absence of U.S. Supreme Court authority establishing the constitutional principle petitioner seeks to vindicate, there can be no unreasonable application of clearly established federal law by the state court, and federal habeas relief is therefore barred by § 2254(d). Wright v. Van Patten, 552 U.S.120, 125 (2008).

Even if this court analyzes petitioner's claim under Carter, supra, as a guide to the reasonable application of the more general due process principles governing the validity of guilty pleas,[10] petitioner cannot prevail. Carter involved application of California Penal Code Section

---

[10]   The role of circuit authority is limited under AEDPA to "illuminat[ion]" of United States Supreme Court precedent. See Renico v. Lett, 559 U.S. 766, 779 (2010). Lower federal court decisions may serve as "persuasive authority" in determining what law has been "clearly established" by the United States Supreme Court and the reasonableness of a particular application of that law. See Hurd v. Terhune, 619 F.3d 1080, 1085 (9th Cir. 2010) (quoting

12

3000(a) (1980), which required that a period of parole be served following completion of a period

of incarceration absent a waiver by the Board of Prison Terms. <u>See</u> <u>Carter</u>, 806 F.2d at 1376

(citation omitted). Because such waiver required "a positive act solely within the discretion of

the Board," the Ninth Circuit held that, absent such waiver, parole was mandatory and a direct

consequence of a guilty plea and therefore defendants must be informed of such terms to render

their pleas knowing and voluntary. <u>Id.</u> at 1375-76. The Ninth Circuit reasoned:

> [F]or purposes of determining whether a plea is voluntarily and intelligently made, the critical fact is not that the imposition of the parole term is mandatory but that the parole term is to be served in addition to the term of confinement under the sentence. In these circumstances, the judge handling the criminal proceedings must advise the defendant, inter alia, of the maximum period his liberty may be restrained both by way of imprisonment and parole.

<u>Id.</u> at 1376.

In <u>Carter</u>, the trial court did not inform defendant that he would be subject to a mandatory

parole term after completing his prison sentence, despite opportunities to do so when defendant

entered his plea and at sentencing. The Ninth Circuit held that it was constitutional error for a

trial court to fail to inform a defendant of the existence of a mandatory parole term, subject to

harmless error analysis. <u>Id.</u> at 1277 (citing <u>Chapman v. California</u>, 386 U.S. 18, 24 (1967)).

The facts here are distinguishable. In this case the trial court did not fail to advise of the

existence of a mandatory parole term, it informed petitioner that he would be subject to a

mandatory parole term but inaccurately stated its length. Moreover, even if the misadvisement

had constituted constitutional error, petitioner's claim would be defeated by the harmless error

doctrine. District courts applying <u>Carter</u>'s harmless error analysis to scenarios similar to the

instant case have routinely found the error harmless. In a similar case before the Central District

of California, the district court undertook a harmless error analysis after "assuming that <u>Carter</u>

extends to the midsadvisement about the precise length of a parole term (rather than the fact the

defendant would be subject to a parole term), and further assuming that petitioner was so

misadvised." <u>Garcia v. Stainer</u>, 2012 WL 781762, at *4, 2012 U.S. Dist. LEXIS 30913 (C.D.

<u>Duhaime v. Ducharme</u>, 200 F.3d 597, 600 (9th Cir. 1999)).

Cal. Feb. 1, 2012).[11]  The court concluded that petitioner had not established prejudice because "the record does not support the conclusion that petitioner would have rejected the plea if he had known he would be subject to a longer parole term."  Id.; accord, Watts v. Martel, 2010 WL 2951207, at *9, 2010 U.S. Dist. LEXIS 74637 (C.D. Cal. May 28, 2010) ("even if Petitioner was misinformed about the possible length of parole [he was advised it was three, rather than five, years], the error was harmless").[12]

Petitioner here contends that he would not have pled guilty had he been informed that his parole term was five years rather than three, ECF No. 1 at 5, but "would have insisted on going to trial," ECF No. 23 at 20, 24; see also ECF No. 12 at 134, 137 (California Supreme Court brief in support of petitioner's habeas petition).  The supporting argument offered by petitioner is that he informed his defense counsel he would not accept a plea agreement that "exceeded the time remaining on a sentence he was already serving in Oregon," and therefore rejected "an [earlier] 8 year plea deal to run concurrent with Oregon."  ECF No. 1 at 5.  However, petitioner's rejection of a prior plea offer is not relevant to his claim that the plea to which he ultimately agreed violated due process.  Moreover, the record does not support petitioner's assertion that, had he known the correct parole term, he would have proceeded to trial rather than agree to the plea offer.[13]

For these reasons, even considering Carter as persuasive authority, petitioner has failed to demonstrate a constitutional violation or prejudice from misadvisement about the length of his

---

[11]  Garcia report and recommendation adopted, 2012 WL 750964, 2012 U.S. Dist. LEXIS 30799 (C.D. Cal. Mar. 2, 2012).

[12]  Watts report and recommendation adopted, 2010 WL 2951201, 2010 U.S. Dist. LEXIS 74601 (C.D. Cal. July 21, 2010).

[13]  At the time that petitioner pled guilty to two counts of violating Section 288, in exchange for a prison term of 5 years, each count was punishable by a prison term of 3, 6, or 8 years.  Cal. Pen. Code § 288(b)(1), (2) (1998-2004).  Had petitioner been found guilty of both counts at trial, he would have been sentenced to a prison term of no less than 6 years and as long as 16 years. Moreover, petitioner would still have been subject to a 5-year mandatory parole term.  Thus, had petitioner proceeded to trial and been convicted on both counts, his prison term would have been at least one year longer than his negotiated term, and possibly eleven years longer, without any change in his parole term.  This scenario demonstrates that petitioner risked more severe consequences if he proceeded to trial than what he obtained pursuant to the challenged plea agreement.

mandatory parole term.  See Carter, 806 F.2d at 1377.  In the absence of such a showing, and in light of the United States Supreme Court's silence on the contours of the right at issue, the California Supreme Court's summary denial of relief cannot have been objectively unreasonable.

II.  <u>Trial Court's Denial of Petitioner's Request to be Sentenced Concurrently on his Oregon and California Sentences and to Receive Credit For Time Served While in Pretrial Custody in California (Claim Eight)</u>

A.  <u>Petitioner's Allegations and Pertinent State Court Record</u>

Petitioner contends that he was denied due process by the trial court's rejection of his request to serve his California sentence concurrently with his Oregon sentence.  Petitioner contends that the trial judge expressed no awareness of the Oregon court's recommendation that the two states resolve both matters together based on a proposed "Global Resolution;" improperly stated he did not have discretion to sentence petitioner concurrently; and failed to state on the record his reasons for sentencing petitioner consecutively.

Petitioner also contends that he was denied due process by the trial court's rejection of his request to obtain credit for time served while incarcerated in California awaiting judgment and sentencing in his California case.  Petitioner was, during this period, in custody under his Oregon sentence and agreed to be temporarily extradited to California.

Petitioner argues that the "trial court erred by blindly imposing a consecutive sentence without knowledge that the sentences could be imposed concurrent[ly] and further by failing to give the defendant credit for time served while in the custody of California.  The courts acted blindly without [reflecting] legislative intent and failed to state a valid reason for the denial of the request for concurrent sentencing."  ECF No. 1 at 15.

At petitioner's sentencing on December 10, 2012, the trial judge engaged in the following dialogue with petitioner's counsel (Mr. Miller) and the prosecutor (Mr. Rogers) and ruled on the matter:

> Mr. Miller:  . . . We would ask the Court before [sentencing] to consider running the Oregon time concurrent with his California time.  And, we are asking the Court to be able to do that, if it can. [¶]  This is a stipulated term of five years in the Case NCR81252 wherein he was sentenced to 45 months in State Prison in Oregon,

with three years post-prison supervision.  [¶]  On that, Your Honor, we would submit.

The Court:  Counsel for the People?

Mr. Rogers:  This was a stipulated sentence, sir, five years, State Prison.  We ask the Court to impose that stipulated sentence.

The Court:  The Court has read and reviewed the Probation Officer's report or letter filed December 4th of this year. [¶]  The Court does not believe that it could give the Defendant credits for an Oregon case, nor could it sentence concurrently to an Oregon case.  [¶]  However, even if the Court could sentence it concurrently with the Oregon case, one, this Court doesn't have information on the Oregon case.  The limited information that I do have, this Court would not give concurrent time for the offense or offenses that occurred out of state.  [¶]  But this Court will follow the stipulation, and that is to deny probation; sentence the Defendant to five years in State Prison. . . . And there are no credits since he's in custody on another offense.

Mr. Miller:  Well, Your Honor, the Court said that it doesn't have authority to give credits for Oregon time.  But would the converse be true?  He was taken into custody here and brought here to California on April 18th of 2012.  He was in custody here and for this matter.  So should he not be allowed to have the 272 days credits adjusted because he was in custody for the California crime and not the Oregon crime?  It was Oregon that shipped him down here.

The Court:  And so far as what the Probation Report indicated was that he was not released from Oregon's case.  He was, if what their report is saying is accurate, he still was in custody on the Oregon matter.  If he was not, then you care correct.  But the Probation Report indicates he was in custody on the Oregon matter.

Mr. Rogers:  He came here as a sentenced prisoner from Oregon and is serving a prison term.

The Court:  That's what I thought I was told in negotiations with this case.

Mr. Rogers:  That's correct.

The Court:  All right.  The Defendant is remanded to the custody of the Tehama County Sheriff, to be delivered to the Department of Corrections.

ECF No. 12 at 64-6.

B.       The Clearly Established Federal Law

The United States Supreme Court has never held that the Constitution limits state court decisions regarding the choice of concurrent or consecutive sentences, or the calculation of time

16

served for defendants who are simultaneously serving one sentence and being prosecuted in a separate case. The decision whether to run distinct sentences consecutively or concurrently falls within the sovereign authority of the states over their criminal justice systems. See Oregon v. Ice, 555 U.S. 160, 170-172 (2009) (declining to extend Sixth Amendment jury trial guarantee, as construed in Apprendi and Blakely,[14] to determination whether to impose a consecutive sentence). In general, "'federal habeas corpus relief does not lie for errors of state law.'" Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle, 502 U.S. at 67-8.

### C. The State Court's Ruling

This claim was exhausted in state habeas, and denied by the California Supreme Court without comment or citation. ECF No. 12 at 149-50 (state petition for writ of habeas corpus, Ground 8); ECF No. 19.

Petitioner had previously challenged the consecutive sentence and denial of credit for time served on appeal in the California Court of Appeal, but omitted the issue from his petition for review. See ECF No. 12 at 83-91 (Supplemental Pro Se Brief on Appeal); id. at 116-22 (Petition for Review). The intermediate appellate court ruled as follows:

> Penal Code section 669 provides that the last sentence runs concurrently with the first sentence, even an out-of-state sentence, unless the trial court decides to run it consecutively. (In re Patterson (1966) 64 Cal .2d 357, 361–362.) Here, defense counsel asked that the court run defendant's "Oregon time concurrent with his California time." Initially, the court stated that it did not believe it had the authority to "sentence concurrently to an Oregon case" but went on to say that "even if the Court could sentence it [con]currently with the Oregon case, one, this Court doesn't have information on the Oregon case" and that the "limited information that [the court has], this Court would not give concurrent time for the offense or offenses that occurred out of state."
>
> The probation officer had reported to the court that defendant, who had been under investigation in Oregon for having child pornography on his computer, admitted to Oregon police that he had sexually abused a child in Los Molinos, California (Tehama County), 10 years before but claimed (mistakenly) that he could not

---

[14] Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, 542 U.S. 296 (2004).

17

be prosecuted because the statute of limitations had run. On October 27, 2011, defendant was convicted in Oregon of 16 felony counts of encouraging child sexual abuse and sentenced to 45 months in prison and three years on postprison supervision.

Defense counsel did not object to the court's statement of reasons for running the California sentence consecutively to the Oregon sentence. The issue is forfeited. "[C]omplaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (People v. Scott (1994) 9 Cal. 4th 331, 356.)

. . . Penal Code section 2900.5, subdivision (b) provides that presentence credits shall be given "only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted." Thus, "a prisoner is not entitled to credit for presentence confinement unless he shows that the conduct which led to his conviction was the sole reason for his loss of liberty during the presentence period." (People v. Bruner (1995) 9 Cal. 4th 1178, 1191.) "[A] period of time previously credited against a sentence for unrelated offenses cannot be deemed 'attributable to proceedings' resulting in a later-imposed sentence unless it is demonstrated that the claimant would have been at liberty during the period were it not for a restraint relating to the proceedings resulting in the later sentence." (In re Joyner (1989) 48 Cal. 3d 487, 489; accord, Bruner, supra, 9 Cal. 4th at pp. 1180–1181.)

The court properly denied credits since defendant was in custody serving an Oregon prison sentence. Defendant is not entitled to dual credits.

People v. Kerestesy, 2013 WL 6479993, at *3-4 (fn. omitted).

D.        Objective Reasonableness Under § 2254(d)

It does not matter whether AEDPA review proceeds under Richter on the basis of the state Supreme Court's "postcard denial," or by "looking through" to the prior reasoned decision of the Court of Appeal. Either way, this claim does not present a cognizable basis for federal habeas relief. "The decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus." Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (citing Ramirez v. Arizona, 437 F.2d 119, 120 (9th Cir. 1971); see also Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002) ("because the trial court actually had *absolute discretion* to impose either consecutive or concurrent sentences, . . . neither an alleged abuse of discretion by the trial court in choosing consecutive sentences, nor the trial court's alleged failure to list reasons for imposing consecutive sentences, can form the basis

18

1    for federal habeas relief.").

2         Similarly, a trial court's correct application of California Penal Code section 2900.5(b),

3    which accords "credit . . . only where the custody to be credited is attributable to proceedings

4    related to the same conduct for which the defendant has been convicted," is a matter of state law

5    only. It implicates no liberty interest in credit for presentence custody based on other conduct.

6    See People v. Bruner, 9 Cal. 4th 1178, 1191 (1995); see also Robinson v. Marshall, 66 F.3d 249,

7    250-51 (9th Cir. 1995) (rejecting equal protection challenge); Johnson v. Kernan, 2005 WL

8    2492914, at *2–3, 2005 U.S. Dist. LEXIS 24568 (N.D. Cal. Oct. 7, 2005) (rejecting due process

9    challenge). "No one receives credit for the time he is out on bail. No one receives credit for the

10   time that he is serving a sentence for an unrelated crime. All persons receive credit if the sole

11   reason they are incarcerated is because they are awaiting trial on the offense involved or if they

12   are otherwise incarcerated for the same conduct." Robinson, 66 F.3d at 251.

13        Because no U.S. Supreme Court precedent establishes a federal due process right

14   implicated by petitioner's claim of state sentencing error, the state court's denial of this claim did

15   not "result[] in a decision that was contrary to, or involved an unreasonable application of, clearly

16   established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §

17   2254(d)(1). Accordingly, petitioner is not entitled to federal habeas relief on this claim.

18   III.    California Supreme Court's Denial of Petitioner's Request for Appointment of
19           Counsel to Pursue His State Habeas Petition (Claim Nine)

20        A.      Petitioner's Allegations and Pertinent State Court Record

21        Petitioner contends that the California Supreme Court's denial of his request for

22   appointment of counsel in relation to his initial state petition for collateral review violated his

23   Sixth Amendment "right to post-conviction counsel." ECF No. 1 at 16, ECF No. 23 at 43.

24        Petitioner asserts that he "properly requested counsel during his state habeas corpus

25   proceedings, but he was denied such counsel even though he explained that he needed assistance

26   with investigation and with properly presenting his claims." ECF No. 1 at 17. The California

27   Supreme Court's docket of this proceeding does not include a request for appointment of counsel.

28

19

See Cal. S. Ct. Case No. S221236 (Kerestesy on Habeas Corpus).  Nor is such request referenced in the body of petitioner's habeas petition before the California Supreme Court.  Petitioner's exhibits submitted to the California Supreme Court include a "Motion for Appointment of Counsel and [Proposed] Order," with the heading "In the Superior Court of the State of California for the County of Tehama," which was signed by petitioner and notarized on September 11, 2014, five days before petitioner filed his habeas petition in the California Supreme Court.  See ECF No. 12 at 176-77.  This appears to be the request referenced by petitioner, although the request itself fails to reference the California Supreme Court or the pursuit of a collateral proceeding.[15]

## B.  The Clearly Established Federal Law

The U.S. Supreme Court has ruled that "there is no right to counsel in state collateral proceedings."  Coleman v. Thompson, 501 U.S. 722, 755 (1991).  "[T]he [Sixth Amendment] right to appointed counsel extends to the first appeal of right, and no further."  Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).  "Postconviction relief . . . is not part of the criminal proceeding itself, and it is in fact considered to be civil in nature. . . . States have no obligation to provide this avenue of relief, and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well."  Finley, 481 U.S. at 556-57 (citations omitted).

## C.  Analysis

For the reasons explained above, the undersigned finds no constitutional error in the California Supreme Court's *sub silentio* denial of petitioner's request for appointment of counsel on collateral review.

---

[15]  Petitioner's motion provided in pertinent part, ECF No. 12 at 176:

> I, Xavier Kerestesy, move this Court for appointment of counsel in the above captioned matter, and make the following representation of fact:
> 1)  An Affidavit of Indigence is attached.
> 2)  I believe I am entitled to the relief or redress sought and if able would retain a counsel to protect my interests.
> 3)  The interests of justice would be best served if an attorney were appointed to assure my right to Due Process and other rights guaranteed to me by the California and United States Constitutions. I certify that the foregoing is true and correct.

IV.    Ineffective Assistance of Trial Counsel (IAC Claims Two through Seven)

A.    Petitioner's Allegations

Petitioner's remaining claims assert the ineffective assistance of trial counsel, in violation of the Sixth Amendment, by:  (1) failing to inform petitioner of the direct consequences of his guilty plea, specifically, that he would be subject to a five, rather than three, year mandatory parole term (Claim Two); (2) failing to make appropriate objections at sentencing to preserve important legal issues on a complete factual record (Claim Three); (3) failing to inform the trial judge of information that would have resulted in "more favorable" sentencing, particularly concurrent sentencing (Claim Four); (4) failing to ensure that petitioner's plea agreement was "complete and accurate as per promises made by counsel during negotiations" (Claim Five); (5) failing to file a motion notifying the trial court that petitioner wished to withdraw his guilty due to counsel's misrepresentations that the resulting sentence would incorporate concurrent terms and credit for time served (Claim Six); and (6) failing to "preserve issues by not filing a complete and accurate Notice[] of Appeal" (Claim Seven).

B.    The Clearly Established Federal Law

To establish a constitutional violation based on ineffective assistance of counsel, a petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 692, 694 (1984).

The proper measure of attorney performance is objective reasonableness under prevailing professional norms.  Id. at 688.  In assessing an ineffective assistance of counsel claim "[t]here is a strong presumption that counsel's performance falls within the 'wide range of professional assistance.'"  Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (quoting Strickland, 466 U.S. at 689).  There is in addition a strong presumption that counsel exercised acceptable professional judgment in all significant decisions made.  Strickland, 466 U.S. at 689. .

Prejudice means that the error actually had an adverse effect on the defense and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have

1  been different.  Id. at 693-94.  Prejudice is found where "there is a reasonable probability that, but

2  for counsel's unprofessional errors, the result of the proceeding would have been different."  Id.

3  at 694.  A reasonable probability is "a probability sufficient to undermine confidence in the

4  outcome."  Id.; see also Williams v. Taylor, 529 U.S.362, 391-92 (2000).  In the context of a

5  guilty plea, petitioner must show prejudice by establishing "a reasonable probability that, but for

6  counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

7  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

8        The court need not address both prongs of the Strickland test if the petitioner's showing is

9  insufficient as to one prong.  Strickland, 466 U.S. at 697.  "If it is easier to dispose of an

10 ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be

11 so, that course should be followed."  Id.

12              C.       The State Court's Ruling

13        This claim was exhausted by presentation to the California Supreme Court in habeas, ECF

14 No. 12 at 137-150, and was denied without comment or citation, ECF No. 19.

15        Petitioner had previously claimed ineffective assistance of counsel on direct appeal in the

16 California Court of Appeal, but omitted the issue from his petition for review.  See ECF No. 12 at

17 83-91 (Supplemental Pro Se Brief on Appeal); id. at 116-22 (Petition for Review).  The

18 intermediate appellate court refused to consider the claims because they implicated the validity of

19 petitioner's guilty plea and he had not obtained a certificate of probable cause.  People v.

20 Kerestesy, 2013 WL 6479993, at *3.[16]

21        Because the requirement of a certificate of probable cause did not apply in state habeas,

22 the undersigned does not apply the "look through presumption" but evaluates the state Supreme

23 Court's summary denial under § 2254(d), pursuant to Richter, 562 U.S. at 102.  See Kernan, 136

24 S. Ct. at 1606.

25              D.       Objective Reasonableness Under § 2254(d)

26        Because petitioner has not alleged facts that overcome Strickland's presumption of

27

28 _____

[16]  See Turner, 171 Cal. App. 3d at 127-28 n.8; see also supra at pp. 11.

22

reasonable performance, the state court's summary denial of these claims cannot have been objectively unreasonable.

Moreover, petitioner has alleged no facts which could reasonably support a prejudice finding under <u>Strickland</u> on any of his IAC claims. For the reasons previously explained in relation to Claim One, petitioner cannot show prejudice from any misadvisement regarding the length of his mandatory parole term. Nothing in the record indicates that counsel could have done anything differently that would likely have achieved a concurrent sentence or credit for time served, or that petitioner would not have pled guilty if he had been differently advised regarding these matters. Claim Five, which essentially alleges that counsel failed to assure that the final plea agreement met petitioner's expectations, cannot succeed absent facts demonstrating that a more favorable plea agreement was available. The record contains no such facts. Nor can petitioner make any showing of prejudice from the alleged failure of counsel to file a motion to withdraw the plea. The record does not indicate a reasonable probability that the superior court would have granted such a motion.

Finally, petitioner has failed to demonstrate prejudice based on the failure of counsel to "preserve issues by . . . filing a complete and accurate Notice[] of Appeal" (Claim Seven). In support of this claim petitioner alleges that "[d]efense counsel failed to check box 2(a)(3) on the Notice of Appeal, challenging the validity of the plea . . . [and] failed to file a Certificate of Probable Cause, a requirement outlined within the Notice of Appeal and as per Penal Code § 1237.5. Defense counsel was IAC by failing to advise Petitioner of his rights about an appeal, before actually filing the appeal." ECF No. 1 at 13-4; ECF No. 23 at 38.

Trial counsel filed the subject Notice of Appeal on December 14, 2012, checking Box 2(a)(1) ("This appeal is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea."). <u>See</u> ECF No. 12 at 41. Petitioner contends that trial counsel should have also checked Box 2(a)(3) ("This appeal challenges the validity of the plea or admission. (*You must complete the Request for Certificate of Probable Cause on page 2 of this form and submit it to the court for its signature.*") <u>Id.</u> (original emphasis)

Petitioner alleges no facts demonstrating prejudice from counsel's failure to seek a

1   Certificate of Probable Cause with the Notice of Appeal.  The California Supreme Court

2   eventually considered each of plaintiff's challenges to the validity of his plea when it reviewed

3   petitioner's habeas petition.  Absent a showing of prejudice due to trial counsel's alleged error,

4   petitioner cannot prevail on Claim Seven.

5       Because petitioner failed to present facts sufficient to establish either deficient

6   performance or prejudice, the California Supreme Court did not act unreasonably in denying his

7   IAC claims.

8                           "MOTION FOR STAY AND ABEYANCE"

9       On October 26, 2017, petitioner filed a "Motion for Stay and Abeyance of Habeas Corpus

10  Proceeding."  See ECF No. 39.  For the reasons set forth below, the court construes this motion as

11  a request for issuance of a subpoena and denies the request.

12      Petitioner asserts that he "now has new evidence that significantly strengthens" his

13  existing claims that his trial counsel, Mr. Miller, misadvised petitioner concerning the terms of his

14  plea agreement.  Id. at 1-3.  Specifically, petitioner contends the additional evidence will support

15  his allegations, previously made to the California Supreme Court, that: Mr. Miller misadvised

16  petitioner he would receive credit on his California sentence for time served while in California's

17  custody pending the negotiation of his plea agreement; petitioner's California sentence "would

18  become the primary sentence over Oregon;" petitioner would be retained in California and issued

19  confinement credit on his Oregon sentence, "rendering the two terms effectively concurrent;" and

20  petitioner's parole term would be three, rather than five, years.  Id. at 1-2.  Petitioner also

21  contends this evidence will support his allegations that Mr. Miller failed to present to the trial

22  court a favorable psychosexual evaluation recommending probation rather than imprisonment;

23  failed to inform the trial court of petitioner's family financial situation in an effort to obtain

24  waiver of fines, fees and restitution; and failed to inform the trial court that petitioner twice

25  requested to rescind his guilty plea.  Id.

26      Petitioner states that he "attempted on multiple occasions to obtain the necessary

27  documentation to support the[se] arguments," but Mr. Miller "now seeks to recant the

28  admission[s]" he previously made.  Id. at 2.  Petitioner states that he "has been made aware" and

"was apprised" that his conversations with Mr. Miller were recorded after his return to Oregon and may be available by subpoena; he does not specify when he learned of the recordings but asserts that he has not been "intentional[ly] dilatory." Id. at 3. Petitioner identifies the custodian of the recordings as "Telmate LLC" which "have mandated that a subpoena be presented before they are able, and willing to release the recordings and/or transcripts." Id. Petitioner "seeks an evidentiary hearing and subpoena" directing Telmate LLC to produce the recordings and/or transcripts of petitioner's conversations with Mr. Miller. Id. Petitioner also seeks a stay delaying this court's decision on the merits of his pending petition, "[b]e it [under] Rhines v. Weber, 544 U.S. 269 (2005) . . . or Kelly v Small, 315 F.3d 1063 (9th Cir. 2003)," until petitioner can exhaust these matters in the state courts. Id.

Petitioner's IAC claims have already been adjudicated and rejected on the merits by the California Supreme Court. Because petitioner merely seeks additional support for the factual allegations he has already made, the anticipated new evidence would "not fundamentally alter the legal claim already considered by the state courts" and therefore does not require further exhaustion. Vasquez v. Hillery, 474 U.S. 254, 260, (1986). "Regardless of whether [petitioner] acted diligently . . . or . . . was entitled to a hearing in state court, he is not entitled to an evidentiary hearing or additional discovery in federal court because his claim is governed by 28 U.S.C. § 2254(d)(1). As the Supreme Court has recently held, [federal habeas] review of such claims 'is limited to the record that was before the state court that adjudicated the claim on the merits.'" Runningeagle v. Ryan, 686 F.3d 758, 773 (9th Cir. 2012) (quoting Pinholster, 563 U.S. at 181). "New evidence does not usually give rise to a new claim; it merely provides additional proof of a claim already adjudicated on the merits." Pinholster, 563 U.S. at 216 (Sotomayor, dissenting).

For these reasons, petitioner's reliance on Rhines and Kelly is misplaced. These cases authorize the stay and abeyance of a federal habeas action only for the purpose of permitting petitioner to exhaust previously unexhausted claims. See also Mena v. Long, 813 F.3d 907, 910 (9th Cir. 2016). Petitioner exhausted his IAC claims in the California Supreme Court.

Finally, petitioner has failed to demonstrate entitlement to the only potentially applicable

exception to the rule barring federal habeas courts from developing the record on claims for which petitioner failed to establish an adequate factual basis in state court.  See 28 U.S.C. § 2254(e)(2)(A)(ii) (authorizing an evidentiary hearing on "a factual predicate that could not have been previously discovered through the exercise of due diligence").  Petitioner has not, in this motion, demonstrated that he could not have previously discovered the Telmate LLC recordings and/or transcripts through the exercise of due diligence.  "Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings."  Williams v. Taylor, 529 U.S. 420, 437 (2000) (quoted with approval in Pinholster, 563 U.S. at 186 (2011)).

Petitioner presently has no new evidence, he merely speculates about the existence of such evidence.  The court construes petitioner's motion as a request for issuance of a subpoena to nonparty Telmate LLC to obtain the putative recordings and/or transcripts of petitioner's conversations with Mr. Miller, for the purpose of obtaining additional facts in support of petitioner's previously exhausted IAC claims.  For the reasons set forth above, the request is without merit.

CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED that petitioner's Motion to Stay, ECF No. 39, is construed as a motion for a subpoena and as such is DENIED.

Furthermore, because the state court's denial of petitioner's claims was not objectively unreasonable within the meaning of 28 U.S.C. § 2254(d), IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  See 28 U.S.C. § 2253(c)(2).  Any reply to the objections shall be served and filed

within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

DATED: November 27, 2017

_Allison Claire_

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE